**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| RICHARD MAURICE GABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1634 (RMC) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Richard Maurice Gable, proceeding *pro se*, is a Vietnam War veteran

who alleges that the Veterans Administration Medical Center in Washington, D.C. was negligent

in treating him for what should have been a routine replacement of his left knee. According to

Mr. Gable, he contracted an infection and required additional surgeries, including amputation of

his left leg without his consent. Mr. Gable filed suit in the United States Court of Federal

Claims, which transferred the case to this Court. The United States moves to dismiss for lack of

subject matter jurisdiction. For the following reason, the Court denies the motion to dismiss.

## I. FACTS

The Court of Federal Claims succinctly summarized the facts underlying Mr.

Gable's claim as follows:

> In January 2006, Mr. Richard M. Gable, a veteran of the Vietnam
> War, entered the Department of Veterans Affairs ("DVA")
> Medical Center in Washington, D.C. (the "VA Medical Center")
> for replacement of his left knee. After his initial knee surgery,
> Plaintiff "came down with a very serious staph infection, which
> placed him in critical care[.]"
>
> On August 23, 2006, a DVA doctor amputated Plaintiff's left leg,
> allegedly without consent. Because of the alleged negligence, two
> additional surgeries were required. The VA Medical Center also

allegedly was negligent in providing Plaintiff with medical care and necessary medication. Moreover, Plaintiff allegedly was "tied to a bed, drugged, and not on the proper mental health medication[;]" denied "a shower or bath for ten months and 19 days[;]" and "placed in a recovery room without wheelchair access."

Plaintiff remained hospitalized until October 2006, when he was discharged from the VA Medical Center.

On September 16, 2008, Plaintiff filed an administrative claim with the DVA, pursuant to the Federal Tort Claims Act, Pub. L. No. 79–601, §§ 401–24, 60 Stat. 812 (1946) ("FTCA"). On September 30, 2011, the DVA [Office of General Counsel] sent Plaintiff a Response to Request for Reconsideration, denying his claims for a lack of evidence and as untimely, under 28 U.S.C. § 2401(b) (2006) (requiring FTCA claims to be filed with a federal agency within two years "after such claim accrues").

The September 30, 2011 Decision advised Plaintiff that: "a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration" and "such a suit must be initiated . . . within 6 months after the date of mailing of this notice of final denial."

On March 29, 2012, Plaintiff filed a Complaint in the United States Court of Federal Claims that alleges claims of negligent infliction of severe emotional distress, medical malpractice, gross negligence, and unauthorized medical treatment. The Complaint also alleges a claim under the Sixth Amendment of the United States Constitution and a violation of the Americans with Disabilities Act of 1990, Pub. L. No. 101–336, 104 Stat. 327 ("ADA"). To redress these alleged injuries, the Complaint requests that the court award Plaintiff monetary damages in the amount of $5,000,000.00.

*Gable v. United States*, 106 Fed. Cl. 294, 295–96 (Fed. Cl. 2012) (some citations omitted, some stylistic alterations made).

The United States filed a motion to dismiss in the Court of Federal Claims, arguing that the Court of Federal Claims lacked subject matter jurisdiction over all of Mr. Gable's claims due to that court's limited jurisdiction under the Tucker Act, 28 U.S.C. § 1491. The United States also asserted that the Court of Federal Claims should not transfer the case to a

United States District Court because Mr. Gable's "claims would be untimely under the FTCA's statute of limitations for tort actions against the United States." *Gable*, 106 Fed. Cl. at 297. Mr. Gable did not respond to that motion. *Id.*

The Court of Federal Claims agreed that it lacked jurisdiction under the Tucker Act, *id.* at 297–98, but found that a transfer to this Court was in the interest of justice under 28 U.S.C. § 1631, *id.* at 298–300. In doing so, the Court of Federal Claims rejected the United States's argument that Mr. Gable's filing of a complaint in the Court of Federal Claims did not satisfy the requirement that a person aggrieved by an agency's denial of a tort claim file suit within six months. *Id.* at 299 ("The United States District Court for the District of Columbia, however, had jurisdiction over Plaintiff's tort claims when the March 29, 2012 Complaint was filed, since the Complaint was filed within six months of the DVA's September 30, 2011 Decision."); *see* 28 U.S.C. § 2401(b) (setting six-month requirement for filing an FTCA suit following administrative denial).

Importantly for purposes of the instant motion, the Court of Federal Claims declined to address the United States's argument that Mr. Gable's claim was untimely because— as the DVA had held—he had not sought administrative review from DVA within two years of his injury under 28 U.S.C. 2401(b). *See Gable*, 106 Fed. Cl. at 299 n.4. The Court of Federal Claims opined:

> The DVA's September 30, 2011 Decision determined that Plaintiff's FTCA claim was untimely under the two year statute of limitations set forth in 28 U.S.C. § 2401(b). It reasoned that Plaintiff was "fully informed of [his] medical situation" on September 5, 2006, but failed to file his FTCA claim until September 16, 2008, i.e., slightly more than two years later. The March 29, 2012 Complaint, however, appears to allege ongoing medical malpractice and gross negligence up until Plaintiff's October 2006 discharge from the VA Medical Center. Accordingly, the district court may determine that Plaintiff's

administrative claim before the DVA stated a claim for injuries suffered during the two years preceding Plaintiff's September 16, 2008 administrative FTCA claim. *See Cedars–Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) ("In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony." (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947))). This court, however, is in no position to conduct such a jurisdictional inquiry since FTCA claims are clearly outside our jurisdiction. It is best left to a court with appropriate jurisdiction to engage in further jurisdictional fact finding if necessary.

*Gable*, 106 Fed. Cl. at 299 n.4.

The case was docketed in this Court on October 2, 2012. *See* [Dkt. 1] (copy of Complaint and Court of Federal Claims records). At an initial scheduling conference held on January 4, 2013, counsel for the United States stated that it wished to file a motion to dismiss based on timeliness grounds before the case proceeded any further, and the Court granted that request. On January 23, 2013, the United States filed its Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction because Mr. Gable's claims are barred by the statute of limitations for seeking review of a tort claim from an agency. [Dkt. 13]. On January 29, 2013, the Court apprised Mr. Gable of the consequences of his failure to respond. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). Mr. Gable has filed three responses to the motion. *See* [Dkts. 15, 16, & 17]. The United States did not file a timely reply.

## II.  LEGAL STANDARD

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098,

4

1107 (D.C. Cir. 2005).  No action of the parties can confer subject matter jurisdiction on a

federal court because subject matter jurisdiction is an Article III and a statutory requirement.

*Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming

subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr*

*v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### III.  ANALYSIS

The United States, construing Mr. Gable's Complaint to allege only a claim under

the Federal Tort Claims Act, argues that "[i]t is undisputed that the injuries [Mr.] Gable alleges

occurred no later than the end of August 2006" and that "[Mr.] Gable knew that the VA Medical

Center staff had amputated his leg without permission on August 23, 2006 when the operation

occurred."  Mot. Dismiss at 6; *see also id.* at 8 (arguing that Mr. Gable "knew of the fact of the

amputation immediately and learned of the conduct he characterizes as negligence shortly

thereafter").  Because Mr. Gable "only filed his claim with the VA on September 28, 2008, 25

months later"—outside the jurisdictional two-year statute of limitations for FTCA claims under

28 U.S.C. § 2401(b)—the United States argues that this Court lacks subject matter jurisdiction.

Mot. Dismiss at 6.  The gravamen of Mr. Gable's responses to the United States is that, as the

Court of Federal Claims noted, his "[m]edical treatment was still ongoing throughout October

2006," meaning that he timely filed his claim with DVA on September 28, 2008.  *See, e.g.*, Pl.

Opp. [Dkt. 17] at 2.

It is "axiomatic that the United States may not be sued without its consent and

that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463

U.S. 206, 212 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (absent a specific

waiver, the United States government is protected from suit by the doctrine of sovereign

immunity).  In addition, sovereign immunity bars suits for money damages against public

5

officials sued in their official capacities absent a specific waiver by the government. *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984).

The exclusive remedy for torts committed by Government employees in the scope of their employment is a suit against the Government itself under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  In other words, the FTCA works as a limited waiver of sovereign immunity. *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001).  Further, the FTCA bars claimants from bringing suit until they have exhausted their administrative remedies, which includes the requirement that claimants first bring their claims to the agency, and that the claims have been denied by that agency. *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993); *see also* 28 U.S.C. § 2675(a).  The claimant must present the administrative claim to the relevant agency within two years of the claim's accrual.  *See* 28 U.S.C. §§ 2401(b), 2675(a).  A tort claim accrues "by the time a plaintiff has discovered both his injury and its cause." *Sexton v. United States*, 832 F.2d 629, 633 (D.C. Cir. 1987).  The exhaustion requirement is jurisdictional.  *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987).

On the present state of the record, the Motion to Dismiss will be denied.  Even construing the Complaint as alleging only one claim under the FTCA instead of five separate claims, as the United States does,[1] the Court cannot find that Mr. Gable is barred by the FTCA's two-year statute of limitations.

---

[1] Mr. Gable purports to bring the following claims: "(1) Violation of his Sixth Amendment Rights[,] (2) Extreme and Outrageous Conduct of one's Sixth Amendment Rights-410.4 Extreme and Outrageous Conduct[,] (3) 410.5-Severe Emotional Distress[,] (4) Medical Malpractice and Gross Negligence[, and] (5) Violation of Title 38 under the American Disabilities Act [sic]." Compl. [Dkt. 1] at 4.  The United States may ultimately be correct that the only viable claim is an FTCA claim, but here it has treated all five claims alike.  The Court of Federal Claims analyzed the Complaint as alleging three distinct claims: (1) a tort claim of medical malpractice

Although the DVA concluded that Mr. Gable's FTCA claim was barred because he was "fully informed of [his] medical situation" no later than September 5, 2006, Mr. Gable's allegations pertain to conduct continuing until October 2006.  In the Complaint, he alleges: "On January 2006 [Mr. Gable] was hospitalized . . . and left the hospital ten months later with a missing limb. . . . On August 23rd 2006, the amputation was performed and the limb taken without the appropriate legal consent and authorization.  This . . . led to 2 additional surgeries." Compl. at 4; *see also id.* at 1, 3 (referring to a "ten month stay" and averring that "Dr. Reubin A. Bueno had to perform 2 additional operations to fix [Mr. Gable's] leg after it had been amputated.").  As the Court of Federal Claims noted, and as Mr. Gable argued in response to the Motion to Dismiss, the Complaint alleges "ongoing medical malpractice and gross negligence up until Plaintiff's October 2006 discharge from the VA Medical Center."  *Gable*, 106 Fed. Cl. at 299 n.4.

At the very least, Mr. Gable may be able to pursue claims that were timely—i.e., claims relating to care after the amputation accruing within the two years prior to September 16, 2008.  *See* 28 U.S.C. § 2401(b).  Moreover, Mr. Gable may also be able to show that his claims did not accrue on September 5, 2006, as the DVA Office of General Counsel claimed, but that he "discovered both his injury and its cause" at a later date.  *See Sexton*, 832 F.2d at 633 (quoting *United States v. Kubrick*, 444 U.S. 111, 120 (1987)).  Mr. Gable has made allegations consistent with such an argument.  *E.g.*, Pl. Opp. [Dkt. 17] at 2 ("I was indeed still under the care of the VA with multiple surgeries . . . throughout October 2006, and into the year 2007."); *see also* Compl. at 4 (alleging that he was "placed in a recovery room without wheelchair access").  It is also possible that the continuous tort doctrine, which applies where there are continuing wrongful acts

and negligence under the FTCA, (2) a Sixth Amendment claim, and (3) an ADA claim.  *See Gable*, 106 Fed. Cl. at 297–98.

and no single incident can fairly be identified as the cause of harm, could be applicable.[2] *See*

*Mittleman v. Dep't of Treasury*, 919 F. Supp. 461, 466–67 (D.D.C. 1995).

   An eleven-day delay could make a major difference in Mr. Gable's ability to

recover.  At this early stage of the case, the Court does not rely on the DVA Office of the

General Counsel's conclusion as to when the claim accrued.  It is too early to say that Mr. Gable

is barred by the FTCA's statute of limitations.[3]

## IV.  CONCLUSION

   For the foregoing reasons, the Court will deny the United States's Motion to

Dismiss without prejudice.  A memorializing Order accompanies this Memorandum Opinion.


DATE: March 21, 2013

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[2] Under the continuous tort doctrine, the limitations period begins to run when the tortious conduct ceases.  *See Page v. United States*, 729 F.2d 818, 822–23 (D.C. Cir. 1984).

[3] The United States has also not addressed the possibility of equitable tolling.  The D.C. Circuit has not addressed whether the doctrine of equitable tolling applies in FTCA cases.  *Norman v. United States*, 467 F.3d 773, 776 (D.C. Cir. 2006) ("We have never squarely addressed whether equitable tolling applies to the FTCA's statute of limitations, and we need not do so here, for Norman has failed to meet the due diligence requirement for equitable tolling.").  The doctrine may not apply to FTCA claims because it ordinarily applies to non-jurisdictional limitations periods and FTCA's timeliness requirement is jurisdictional.  Should equitable tolling apply to FTCA claims, there is a strong argument that tolling is justified in this case, where Mr. Gable suddenly found himself without his left leg, suffering from an apparent infection, and remained confined to the hospital for some additional period of time.  *See Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (noting that this circuit allows equitable tolling "only in extraordinary and carefully circumscribed circumstances").