UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RICHARD MAURICE GABLE,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-1634 (RMC) |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Defendant. | ) ) | |

# OPINION

Richard M. Gable, proceeding *pro se*, is a Vietnam War veteran who alleges medical malpractice and other injuries arising from his stay at a hospital operated by the Department of Veterans Affairs. Mr. Gable entered the hospital in January 2006 for what should have been routine knee replacement surgery. After he underwent the planned surgery, he contracted a staph infection that led to the amputation of his left leg on August 23, 2006 and further surgeries to clean up the amputation. Mr. Gable alleges the amputation was without his consent. The United States moves to dismiss in part, arguing that no injury to Mr. Gable prior to September 16, 2006 should be considered by the Court under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, that is, two years before Mr. Gable filed his administrative claim with the Veterans Administration on September 16, 2008. The United States also moves to dismiss Mr. Gable's allegations that the government violated Mr. Gable's constitutional rights under the Sixth Amendment and his rights under the Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104 Stat. 327.

This Court previously denied a defense motion to dismiss, finding that the facts were too uncertain to decide its merits. *See* Memorandum Opinion [Dkt. 18]; Order [Dkt. 19]. The government renews its motion to dismiss, limited to events prior to September 16, 2006.

The government correctly recites the strict two-year statute of limitations under the FTCA, 28 U.S.C. § 2401(b).[1]  "Section 2401(b) . . . is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). Under the FTCA, a claim accrues when the plaintiff "has discovered both his injury and its cause," whether or not the plaintiff knows the injury was negligently inflicted. *Id.* at 119-122. The government contends "at least as to any injuries Plaintiff sustained at the VA Medical Center before September 16, 2006, Plaintiff [Gable] knew of them as soon as he sustained them." Mot. to Dismiss [Dkt. 44] at 5. From the distance of hindsight, the government is confident that long before September 16, 2006, Mr. Gable "knew (1) that he had not consented to the August 23, 2006 amputation of his left leg, (2) that he was not receiving his prescribed medications, and (3) that the hospital was not providing basic hygiene services." *Id*.

In support of his claims, Mr. Gable has argued in court at various times that he was heavily medicated for pain after surgery and therefore did not know immediately that his leg had been amputated, that he was not receiving necessary medications for other conditions, or that

---

[1] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

he was not being provided basic hygiene.[2] Taking Mr. Gable at his word, as the Court is required to do on a motion to dismiss, the facts as to when Mr. Gable discovered his injuries cannot be determined on the present record.[3] Without evidentiary support, the certainty of the government's statements ignores the possible aftermath of major surgery, especially on an older person with other illnesses.

All parties need discovery concerning Mr. Gable's surgery on August 23, 2006 and into whether Mr. Gable had the actual ability to have known of the loss of his leg and to have been reasonably diligent in complaining about it. Whether Mr. Gable was able to (a) agree to surgery or (b) assert his rights thereafter is unknown and subject to question.

For these reasons, the Court will grant in part and deny in part the Motion to Dismiss in Part. It will dismiss Mr. Gable's claim based on the Sixth Amendment because that Amendment guarantees certain rights to criminal defendants but does not apply to the allegations in the Complaint, which are all civil in nature.[4] The Court will also dismiss Mr. Gable's claim under the ADA because the ADA does not apply to the federal government.[5] The Court will

---

[2] Mr. Gable alleges that he was "drugged, and not on the proper mental health medication he was supposed to be on the entire time he was hospitalized at the VA Medical center." Compl. [Dkt. 1] at 4.

[3] When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004).

[4] "In all *criminal* prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." U.S. Const. amend. VI (emphasis added).

[5] *See Beaird v. Gonzales*, 495 F. Supp. 2d 81, 83 (D.D.C. 2007) ("Plaintiffs fail to state a claim under the ADA because it does not apply to the federal government."); *Jordan v. Evans*, 404 F.

otherwise deny the motion to dismiss on the grounds of statute of limitations, thereby allowing Mr. Gable's FTCA claim to go forward.

DATE: January 5, 2015

/s/
ROSEMARY M. COLLYER
United States District Judge

---

Supp. 2d 28, 30 (D.D.C. 2005) ("The federal government is not subject to claims brought pursuant to the ADA because the ADA expressly states that 'the term "employer" does not include the United States.'") (citing 42 U.S.C. § 12111(5)(B)(I)).