# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD M. GABLE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>    **Defendant.** | **Civil Action No.**<br>**1:12-cv-01634 (RMC/GMH)** |

## MEMORANDUM OPINION AND ORDER

On April 4, 2018, Plaintiff filed a "Motion to be Allowed to Leave the Country for Medical Reasons." [Dkt. 115]. On April 17, 2018, the undersigned dismissed the motion, stating:

> To the extent that Plaintiff seeks permission to travel, he has no basis to make the motion, as this Court has not restricted his right to travel. To the extent that he seeks a dispositive ruling in the case, the undersigned's Report and Recommendation recommending dismissing only Plaintiff's claims that accrued prior to September 16, 2006, is currently before the Honorable Rosemary M. Collyer, United States District Judge, who will issue her decision on that Report and Recommendation in due course.

Minute Order dated Apr. 17, 2018. On April 19, 2018, Plaintiff filed a "Motion for Corrections to be Made on Request for Permission to Leave the Country," in which he asserts that he believed that he was ordered not to leave the country by the undersigned in Fall 2016 and in January 2017, and also seeks to "file this correction on [his] behalf for it was not known to [him] that there was no order." [Dkt. 117 at 1-2].

To clarify the record, no order limiting Plaintiff's travel appears on the docket. To the extent that Plaintiff (or his former counsel) misinterpreted any oral order issued by this Court, Plaintiff is again advised that he need not seek permission from this Court to travel. Plaintiff is cautioned, however, that he has a duty to monitor his case and participate in the litigation. *See,*

*e.g.*, *Austin Investment Fund ex rel. Elieff v. United States*, 304 F.R.D. 5, 9–10 (D.D.C. 2014).

To the extent that Plaintiff seeks a "correction" to the record to reflect that he was unaware that no such order had been entered, his recent submission effectively accomplishes that task.

Plaintiff also asserts that he "had an ex parte placed upon him not once but twice." [Dkt. 117 at 2]. Although the meaning of this statement is not completely clear, it seems to relate to an order issued by this Court in April 2017 in which Plaintiff was required to "initiate no further *ex parte* communications with chambers" in light of his repeated communications with chambers (via telephone and email) regarding his filings in this case. [Dkt. 102]. Plaintiff appears to blame this prohibition for contributing to his misunderstanding regarding travel restrictions, because he was unable to contact chambers to clarify whether he was permitted to travel. [Dkt. 117 at 3].

As noted in the April 2017 Order, *ex parte* communications between litigants and chambers staff are generally inappropriate. [Dkt. 102]; *see, e.g.*, *Doe v. Cabrera*, 134 F. Supp. 3d 439, 453–54 (D.D.C. 2015). In keeping with this precept, chambers staff do not provide legal advice or interpret court orders—or their absence—for litigants.

Finally, to the extent that Plaintiff's motion reargues the merits of the summary judgment motions filed in this case [Dkt. 117 at 4–13], he is again reminded that Judge Collyer will issue her decision on the Report and Recommendation addressing those motions in due course.

Because Plaintiff had no reasonable basis to file the present motion, it is hereby

**ORDERED** that Plaintiff's motion is **DISMISSED**.

**SO ORDERED.**

Date: May 4, 2018

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE