UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| RICHARD M. GABLE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-1634 (RMC) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff Richard M. Gable, who proceeds *pro se*, brought an action against the United States of America (Defendant) under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2674, *et seq.* He alleges medical malpractice and other injuries suffered during his stay at a Department of Veterans Affairs Medical Center (VA Hospital). Thereafter, the following briefing ensued:

- Defendant's Motion for Summary Judgment [Dkt. 89];
- Defendant's Amended Motion for Summary Judgment [Dkt. 97];
- Plaintiff's Motion for the Statute of Limitations [Dkt. 100];
- December 29, 2017 Report & Recommendation [Dkt. 108];
- Plaintiff's Written Objection [Dkt. 111];
- Plaintiff's Motion for Judgment [Dkt. 112];
- February 13, 2018 Report & Recommendation [Dkt. 113];
- Plaintiff's Motion for Correction of Facts from the Letter of the Court [Dkt. 114].[1]

---

[1] The Court construes Mr. Gable's "Motion for the Statute of Limitations for Plaintiff's Original Filing Date of February 19th 2008" as a cross-motion for summary judgment, in accord with

1

This matter was referred to Magistrate Judge Harvey, who reviewed the briefing carefully and submitted a detailed Report and Recommendation (R&R) on December 29, 2017. *See* Dec. 29, 2017 Report and Recommendation (12/29/17 R&R) [Dkt. 108]. The Court construes Mr. Gable's subsequent filings as objections to the 12/29/17 R&R, to which the government did not file a response. *See* Written Objection (Pl.'s Objections) [Dkt. 111]; Mot. for J. [Dkt. 112]; Mot. for Correction of Facts from the Letter of the Court (Mot. for Correction) [Dkt. 114]. Judge Harvey filed an additional R&R in response to Mr. Gable's additional briefing. *See* Feb. 13, 2018 Report & Recommendation (2/13/18 R&R) [Dkt. 113].

Upon consideration of both Report & Recommendations, Mr. Gable's objections, and an independent review of the underlying evidence, the Court will accept in full Judge Harvey's Report and Recommendations, and grant Defendant's amended motion for summary judgment in part and deny it in part. The Court will deny Defendant's initial motion for summary judgment as moot. The Court will deny Mr. Gable's Motions for Statute of Limitations, Written Objections, Judgment, and Correction of Facts from the Letter of the Court as they relate to the issue of timeliness for all claims alleged to have occurred before September 16, 2006.

---

Judge Harvey's 12/19/2017 Report & Recommendation; Mr. Gable filed this motion in addition to an opposition to Defendant's motion for summary judgment. *See* Mot. for Statute of Limitations for the Pl.'s Original Filing Date of February 19th, 2008 (Pl.'s Cross-Mot.) [Dkt. 100]; 12/29/2017 Report & Recommendation [Dkt. 108] at 1, n.2. The Court construes all timeliness arguments in Mr. Gable's "Written Objection," "Motion for Judgment," and "Motion for Correction of Facts from the Letter of the Court Received on February 15th 2008" as objections to the 12/29/17 R&R and analyzes them as such.

## I. FACTS

Judge Harvey's Report and Recommendation contains detailed factual and procedural background sections, which the Court adopts in full and will not recount in detail here. *See* 12/29/17 R&R at 2-6. The facts relevant at this juncture are as follows.

Mr. Gable underwent total knee replacement surgery on January 19, 2006 at the VA Hospital. The surgical site became infected twice between the replacement surgery and June 2006. After additional complications, health care providers identified wet gangrene around the surgical site in August, and Mr. Gable's leg was amputated on August 23, 2006. As a result of a fall Mr. Gable suffered after the amputation, he had two subsequent surgical repair procedures on September 12 and September 19, 2006. It also appears from medical records that, in April 2007, Mr. Gable underwent an operation at Georgetown University Hospital to revise the amputation and to correct three neuromata, where nerves were not implanted into muscle tissue when the initial amputation was performed. On August 22, 2007 he had a second revision procedure in Costa Rica at the Clínica Santa María.

## II. LEGAL STANDARD

### A. Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure sets forth the procedure for review of dispositive motions that have been referred to a magistrate judge for a Report and Recommendation. Following the submission of a Report and Recommendation, any party may file objections to the proposed findings and recommendations and the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. However, "an objecting party is not permitted to present new initiatives

to the district judge, as the district court may review only those issues that the parties have raised in their objections to the Magistrate Judge's report." *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 79 (D.D.C. 2016) (internal citations omitted). A district court also has the discretion to consider evidence outside the summary judgment record before the magistrate judge. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . receive further evidence.").

### B. Motion for Summary Judgment

Summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, a court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.

### III. ANALYSIS

#### A. Mr. Gable's Claims

The Court has reviewed the R&R's identification of Mr. Gable's claims. As Mr. Gable does not object to the construal of his claims as set forth in the R&R, this Court adopts the finding that he has asserted counts based on the following alleged occurrences, conditions, or conduct:

1. that Mr. Gable's knee replacement was negligently performed;

4

2. that improper hospital hygiene led to Mr. Gable's methicillin-resistant *Staphylococcus aureus* (MRSA) and vancomycin-resistant *Enterococci* (VRE) infections;

3. that Mr. Gable's amputation was performed without proper consent;

4. that Mr. Gable's amputation was performed unnecessarily;

5. that Mr. Gable's amputation was performed negligently;

6. that Mr. Gable's post-amputation surgical procedures were negligently performed; and

7. that Mr. Gable's non-surgical post-operative care was negligently performed.

**B. Timeliness of FTCA Claim**

The objections raised by Mr. Gable are somewhat convoluted. However, pleadings filed by *pro se* plaintiffs are held to a less stringent standard than those of plaintiffs represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The Court addresses Mr. Gable's objections to the 12/29/17 R&R's findings regarding the timeliness of claims accruing before September 16, 2006 and reviews *de novo* the R&R's conclusion regarding the timeliness of Mr. Gable's FTCA claims.[2]

Mr. Gable's relevant objections are variations on a single theme: that his Standard Form 95 (SF-95) claim should be deemed as received by the Department of Veterans Affairs (VA) on February 19, 2008, thus rendering his FTCA claim timely filed within the two-year statute of limitations. Pl.'s Objections at 1-5; *see also* 28 U.S.C. § 2401(b) (requiring that a claim be "presented in writing to the appropriate Federal agency" within two years of its

---

[2] The Court declines to address Mr. Gable's remaining objections at this time, as they fall outside the scope of the briefing ordered by the Court on the issue of timeliness.

5

accrual). A claim is "deemed presented" when it is received by the agency. *See Bradley v. Nat'l Collegiate Athletic Ass'n*, 249 F. Supp. 3d 149, 159 (D.D.C. 2017) (citation omitted). Judge Harvey found that Mr. Gable's FTCA claim was received by VA's Office of Regional Counsel on September 16, 2008, based on the SF-95 form stamped "received" on that date. *See* Ex. A, Notice of Filing Amended Statement of Undisputed Material Facts, Claim for Damage, Injury, or Death (SF-95 Form) [Dkt. 98-4] at 2-3. The Court has independently examined the evidence of Mr. Gable's claim submissions to VA and finds that no rational trier of fact could conclude that Mr. Gable presented his claim in February 2008, or at any date prior to September 16, 2008. The SF-95 Form bears Mr. Gable's signature and is hand-dated "Sept 8, 08." *See* SF-95 Form at 2-3. The accompanying letter from Mr. Gable is dated "9/13/2008." *Id*. at 4-9. The form was stamped "received" by VA on September 16, 2008. *Id*. As such, Mr. Gable's claim was presented, for purposes of the FTCA, on September 16, 2008.

The Court previously denied two of Defendant's motions to dismiss to the extent they were based on the statute of limitations, finding that further factual clarity was necessary. *See* 3/21/2013 Order [Dkt. 19]; 1/5/2015 Order [Dkt. 56]. After discovery, the Court ordered briefing focused on the timeliness issue, which gave Mr. Gable the opportunity to present evidence that his claims accrued later than the date of the amputation, or that equitable tolling should apply to those claims. Because Judge Harvey determined that his claim was presented after the two-year statute of limitations period had run, he examined whether Mr. Gable's claim could survive based on the discovery rule or the continuous tort doctrine, or whether the statute of limitations should be equitably tolled for some period of time to allow the claims to move forward. He decided that no extension of time applied. This Court agrees.

1. *Discovery Rule*

The discovery rule is the legal doctrine governing when the statute of limitations period begins to run on a claim. *See McKinney v. U.S. Postal Serv.*, No. 11-cv-631, 2013 WL 164283 (D.D.C. Jan. 16, 2013). The date on which the stopwatch starts is known as "accrual," and a claim accrues within the meaning of the FTCA when a plaintiff knows of both the existence of his injury and its cause. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). The "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). Therefore, as noted in the 12/29/17 R&R, most claims accrue at the time of the injury, unless "the injury is not of the sort that can readily be discovered when it occurs." *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342 (D.C. Cir. 1991).

As explained in detail in the 12/29/17 R&R, Mr. Gable's earliest-in-time claim, the allegedly negligent knee replacement, was performed in January 2006. The subsequent infections were diagnosed in February and June 2006, and Mr. Gable sought a second opinion about his leg from Dr. Attinger in July 2006, which is the last possible date Mr. Gable could claim to have "discovered" his injury from that knee operation for the purposes of claim accrual under the discovery rule. As such, there is no genuine issue of material fact as to the latest date that Mr. Gable could be said to have discovered his injury, with respect to the knee replacement and related infections and his claim as to the knee replacement was not timely filed.

The accrual of Mr. Gable's knowledge concerning his amputation and subsequent post-surgical care requires separate analysis. Mr. Gable's leg was amputated on August 23, 2006. The record indicates that by September 1, Mr. Gable was oriented as to person, place, and time. Def.'s Am. Statement of Undisputed Material Facts (Def.'s SOF) [Dkt. 98-2] at 57. Mr. Gable "appeared to have understood the decision to amputate" by September 5, 2006. *Id*. at 59.

7

Mr. Gable's stepson, Mr. Prather, stated that he knew that the VA Hospital had "harmed [his] father by illegally removing his leg without consent or permission," at some point before returning from his honeymoon on September 5. Ex. 1, Mem. in Opp'n to Am. Mot. for Summ. J., Affidavit of James M. Prather [Dkt. 101] ¶¶ 6-7. Finding no basis for delaying accrual based on the discovery doctrine, the Court finds Mr. Gable was, or should have been, aware of the injury, *i.e.*, the allegedly botched amputation, before September 16, 2006 and therefore was required to present his FTCA claims based on the amputation prior to September 16, 2008.

### 2. Continuing Tort Doctrine

As set forth in the 12/29/17 R&R, it would be inappropriate to apply the continuing tort doctrine here. The "hallmark" of such a tort is that "its character as a violation did not become clear until it was repeated during the limitations period." *Taylor v. FDIC*, 132 F.3d 753, 765 (D.C. Cir. 1997). In contrast to cases where "no single incident in a continuous chain of tortious activity can fairly or realistically be identified as the cause of significant harm," *Loumiet v. United States*, 828 F.3d 935, 947-48 (D.C. Cir. 2016), Mr. Gable alleges several distinct incidents as the causes of his harm. The Court agrees with the 12/29/17 R&R's finding that the individual torts alleged by Mr. Gable do not constitute a single course of action that would support application of the continuing tort doctrine.

### 3. Equitable Tolling

The FTCA's two-year statute of limitations is subject to equitable tolling. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). To show that equitable tolling is warranted, a plaintiff must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Neither mental incompetency nor assertions of the influence of medication, including morphine, are sufficient bases for equitable tolling. *See Casias v. United States*, 532

8

F.2d 1339, 1342 (10th Cir. 1976) ("Insanity, such as constitutes a legal disability in most states, does not toll the statute of limitations under the Federal Tort Claims Act."); *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 561 (3d Cir. 2005) (argument that "morphine blurred [injured party's] awareness" insufficient to "justify tolling the statute of limitations on equitable grounds"). Mr. Gable has not presented evidence sufficient to show that the combination of these factors prevented him from filing a timely FTCA claim with VA. The Court finds that equitable tolling is not available to Mr. Gable because he has not made the requisite showing that he pursued his rights diligently and that some extraordinary circumstances stood in the way of that pursuit.

## IV. CONCLUSION

Mr. Gable's submission of the SF-95 form to VA on September 16, 2008 renders claims one through five time barred. Those claims related to events occurring prior to September 16, 2006 are not subject to delayed accrual based on the discovery rule, the continuous tort doctrine, or equitable tolling. Therefore, the Court will grant the government's motion as to Mr. Gable's claims accruing prior to September 16, 2006. However, Mr. Gable also alleges negligence related to the post-amputation procedures and post-surgical care that occurred on or after September 16, 2006. The Court agrees with Judge Harvey and finds that those claims are timely brought and will deny the government's motion as it relates to claims six and seven.

Accordingly, the Court will adopt the R&R and grant in part and deny in part Defendant's Amended Motion for Summary Judgment. The Court will deny Defendant's initial Motion for Summary Judgment as moot. The Court will deny Mr. Gable's Motions for Statute of Limitations, Written Objections, Judgment, and Correction of Facts from the Letter of the Court as they relate to the issue of timeliness. Mr. Gable's claims related to events or conduct

9

occurring on or after September 16, 2006 remain and will be addressed in further briefing to be ordered by Judge Harvey.

A memorializing Order accompanies this Memorandum Opinion.


Date: June 20, 2018
/s/
ROSEMARY M. COLLYER
United States District Judge