# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD M. GABLE,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Civil Action No.<br>1:12-cv-01634 (RMC/GMH) |

## MEMORANDUM OPINION AND ORDER

This is a long-running dispute in which Richard M. Gable ("Plaintiff"), who currently proceeds *pro se*, has brought an action against the United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2674 *et seq.*, alleging medical malpractice and other injuries arising from an amputation performed on his left leg at a hospital operated by the Department of Veterans Affairs (the "V.A.") in August 2006. The matter was referred to the undersigned for full case management in February 2015. Since that time, the undersigned has issued several rulings, including a Report and Recommendation that found that, based on the date that Plaintiff filed his administrative claim with the V.A., any of his claims accruing prior to September 16, 2006, should be dismissed. ECF No. 108. Judge Rosemary M. Collyer adopted that Report and Recommendation in June 2018. *See Gable v. United States*, 319 F. Supp. 3d 37 (D.D.C. 2018).

On November 21, 2018, Plaintiff filed a submission styled, "Motion for a Venue Change and the Disqualification of the Honorable Judge Harvey: 1) Due to Partiality and Bias of the Honorable Judge for the Following Infractions." ECF No. 149. The undersigned construes the motion

as seeking his recusal/disqualification pursuant to 28 U.S.C. §§ 144 and 455.[1]

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Pursuant to section 455, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or in which he "has a personal bias of prejudice against a party," among other reasons. 28 U.S.C. § 455(a), (b)(1). Under either statute, the judge involved should rule, in the first instance, on the propriety of recusal. *See, e.g.*, *United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976) ("It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge."); *United States v. Fiat Motors of North America, Inc.*, 512 F. Supp. 247 (D.D.C. 1981) ("Section 455(a) places a duty upon a judge to disqualify himself 'in any proceeding in which his impartiality might reasonably be questioned.'" (quoting 28 U.S.C. § 455(a))). Although section 144 has certain procedural requirements not included in section 455,[2] "substantively, the two statutes are quite similar, if not identical."

---

[1] Although the title of the submission mentions a venue change, the motion does not ask for a transfer of the case out of this District. Instead, it appears that Plaintiff seeks only disqualification and/or recusal of the undersigned.

[2] Plaintiff has failed to conform his submission to those requirements, which is an independent reason to deny the motion to the extent that it is brought pursuant to section 144. For example, section 144 requires submission of an affidavit stating the "facts and reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. No such affidavit was submitted here. Moreover, "the statute mandates that 'the attorney presenting the motion [] sign a certificate stating that both the motion and declaration are made in good faith.'" *Klayman v. Judicial Watch, Inc.*, 744 F. Supp.

*Ryan v. Fed. Bureau of Investigation*, 125 F. Supp. 3d 1, 2 (D.D.C. 2015) (quoting *Phillips v. Joint Legis. Comm. on Performance and Expenditure Rev. of State of Miss.*, 637 F.2d 1014, 1019 (5th Cir. Unit A Feb. 1981)).

The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, a litigant moving for recusal "must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality," *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, 710 F.Supp.2d 77, 78 (D.D.C. 2010), *aff'd*, 2011 WL 1770464 (D.C. Cir. Apr. 4, 2011); *see also Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988) ("It is well settled that a motion for recusal under 28 U.S.C. § 144 or § 455 must be based upon prejudice from an extra-judicial source."), for example, a decision that "rests upon knowledge that the subject ought not to possess," *Liteky*, 510 U.S. at 550. Alternatively, recusal may be appropriate "in rare cases, where no extrajudicial source is involved" if the movant presents evidence showing "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Middlebrooks*, 710 F. Supp. 2d at 78, such as when "an unfavorable predisposition" that "springs from the facts adduced" during the case "is so extreme as to display clear inability to render fair judgment," *Liteky*, 510 U.S. at 550. However, "[a] judge should not recuse himself based upon conclusory, unsupported or tenuous allegations," *Sataki v. Broadcasting Bd. of Governors*, 733 F. Supp. 2d 54, 66 (D.D.C. 2010) (quoting *Panahi v. U.S. Congress*, 105 F. App'x. 270, 274 (D.C. Cir. 2004) (per curiam)), and, as noted, "mere disagreement with the Court's judicial rulings" will never "provide

---

2d 264, 270 (D.D.C. 2010) (alteration in original) (quoting *S.E.C. v. Loving Spirit Found.*, 392 F.3d 486, 496 (D.C. Cir. 2004). It is not clear whether a *pro se* litigant may bring a section 144 motion without, at the very least, certification of good faith by a member of the bar, even if that attorney is not counsel of record. *See id.* at 274. In any case, it is unnecessary to resolve that question, because, as discussed below, Plaintiff's motion fails on its merits, whether considered under section 144 or section 455.

a proper ground for recusal." *Klayman*. 744 F. Supp. 2d at 276.

The undersigned has reviewed all 33 pages of the motion at issue and concludes that its arguments for recusal arise merely from Plaintiff's disagreement with the rulings of this Court. For example, Plaintiff alleges that in 2015, the undersigned "never caused the defense to turn in key and critical pieces of evidence" that Defendant was ordered to produce by Judge Collyer in 2013. ECF No. 149 at 21–22. This charge appears to be related to a motion from January 1, 2014, in which Plaintiff sought to "compel the defense to produce" medical records as allegedly ordered by Judge Collyer "back in November 5th 2013," which the undersigned denied on July 31, 2015.[3] ECF No. 40 at 1; Minute Order dated July 31, 2015. There is no evidence or argument as to how that ruling is the product of bias based on an extrajudicial source or antagonism directed at Plaintiff. Similarly, Plaintiff complains that the Court misinterpreted evidence that he presented as to the date on which he filed his administrative claim with the V.A., which led to the recommendation to dismiss any claims that accrued prior to September 16, 2006, as time-barred. ECF No. 149 at 18–19. Again, there is neither evidence nor argument that indicates that the ruling was the product of bias or prejudice.[4] The same is true of the other alleged "[i]nfractions" that are the subject of Plaintiff's submission. Plaintiff's motion therefore must fail, because "while . . . dissatisfaction with the Court's rulings may provide a proper ground for appeal, . . . mere disagreement with the

---

[3] The Order of November 5, 2013, ordered the Deputy Clerk of Court to issue a subpoena to the General Counsel of the Department of Veterans Affairs to produce copies of Plaintiff's records "with Attorney McKinney's investigation reports/hearings of 2009" and "the whereabouts/addresses/phone numbers for . . . Dr. Thomascinio, Dr. Reubin Bueno, the student intern serving from July–September 2006, Landis Bradfield, R.N., and Mrs. Rubin (social worker)." ECF No. 30-1 at 1. However, in the present motion, Plaintiff complains about a failure to produce "the attorney Zimmer file." ECF No. 149 at 21. In any case, whether or not Plaintiff's representations as to the scope of Judge Collyer's prior order are accurate is immaterial here because this motion fails for other reasons.

[4] Plaintiff fails to mention that the motion to compel was denied at the behest of Plaintiff's then-counsel, who had requested that "all Plaintiff's motions relating to discovery action, prior to 01 August 2015, be vacated" (ECF No. 62 at 2) and that the undersigned's conclusion regarding the date that Plaintiff filed his administrative claim was adopted by Judge Collyer, *see Gable*, 319 F. Supp. 3d at 43. In any case, those facts are beside the point, as the correctness of the rulings Plaintiff challenges is not relevant to the question of recusal.

Court's judicial rulings does not provide a proper ground for recusal." *Sataki*, 733 F. Supp. 2d at 66.

For the reasons, Plaintiff's motion for disqualification (ECF No. 149) is **DENIED**.

**SO ORDERED.**

Date: January 3, 2019

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

5