# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                           |   |                              |
|---------------------------|---|------------------------------|
| **RICHARD MAURICE GABLE** | ) |                              |
| Plaintiff,                | ) |                              |
| v.                        | ) | Civil Action No. 12-1634 (RMC) |
| **UNITED STATES OF AMERICA,** | ) |                          |
| Defendant.                | ) |                              |

## MEMORANDUM OPINION

Richard Maurice Gable, a Vietnam veteran, underwent a total knee replacement at the Department of Veterans Affairs (VA) Medical Center in Washington, D.C. in January 2006. The surgery resulted in infections, in-patient treatment and, ultimately, the above-knee amputation of Mr. Gable's left leg. Pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*, Mr. Gable filed an administrative claim with the VA on September 16, 2008, alleging, *inter alia*, malpractice and negligence. After his claim was denied, Mr. Gable filed a complaint *pro se* in the Court of Federal Claims, which transferred it to this Court. The United States moved for summary judgment arguing that all the claims were time-barred by the FTCA's statute of limitations. Finding that Mr. Gable's claims concerning his knee replacement, post knee-replacement care, and amputation accrued outside of the statutory period, the Court granted the government's motion in part and denied in part, leaving intact Mr. Gable's remaining two claims concerning his post-amputation surgical procedures and non-surgical post-amputation care.

Mr. Gable has filed a series of motions contesting the Court's ruling, which the Court reads collectively as a motion for reconsideration. Because Mr. Gable does not satisfy the requirements for reconsideration, the Court must deny Mr. Gable's motion.

## I. FACTS

Magistrate Judge Michael Harvey handled this matter and submitted a Report and Recommendation that contains detailed factual and procedural background sections, which this Court adopted in full. *See* Dec. 29, 2017 Report and Recommendation (12/29/17 R&R) [Dkt. 108] at 2-6; *see also* Mem. Op. [Dkt. 120] at 3.[1] It is not necessary to repeat all of the factual background but the arc of this case is described below.

Mr. Gable was admitted to the VA Medical Center for a scheduled knee replacement on January 18, 2006. 12/29/17 R&R at 2. The surgery was followed by a number of complications including wet gangrene. *Id.* at 4. After unsuccessful attempts to control the infections, the medical staff decided to amputate Mr. Gable's left leg and the procedure was performed on August 23, 2006. *Id.* at 4-5. Angered by his treatment, Mr. Gable filed an administrative claim with the VA pursuant to the FTCA. *See* Mem. Op. and Order from Court of Federal Claims (Transfer Op.) [Dkt. 1] at 2. The administrative claim was dated September 8, 2008 by Mr. Gable himself and was received by the VA General Counsel on September 16, 2008. 12/29/17 R&R at 7. The VA denied the administrative claim as time barred and Mr. Gable filed a complaint with the Court of Federal Claims. Transfer Op. at 2. Finding that it lacked jurisdiction, the Court of Federal Claims transferred the case to this Court pursuant to 28

---

[1] When citing to exhibits, the Court cites to the electronic case filing (ECF) header page number, not the original page number of the filed document.

U.S.C. § 1631.[2] *Id.* at 5-6. This Court thereafter read Mr. Gable's *pro se* filings as advancing seven separate claims:

(1) that Plaintiff's knee replacement was negligently performed;

(2) that improper hospital hygiene led to Plaintiff's methicillin-resistant *Staphylococcus aureus* (MRSA) and vancomycin-resistant *Enterococci* (VRE) infections;

(3) that Plaintiff's amputation was performed without proper consent;

(4) that Plaintiff's amputation was performed unnecessarily;

(5) that Plaintiff's amputation was performed negligently;

(6) that Plaintiff's post-amputation surgical procedures were negligently performed; and

(7) that Plaintiff's non-surgical post-operative care was negligently performed.

Mem. Op. at 4-5.

The government moved for summary judgment on the theory that Mr. Gable's claims were too late to be remedied. *See* Def.'s Am. Mot. for Summ. J. [Dkt. 97]. This Court agreed in part and, on June 20, 2018, found that claims 1-5 accrued before September 16, 2006—two years before Mr. Gable's initial administrative filing—and were thus barred by the FTCA's two-year statute of limitations period. Mem. Op. at 9-10. The Court denied the government's motion in part, leaving intact claims six and seven. *Id*; *see also* June 20, 2018 Order [Dkt. 119].

---

[2] 28 U.S.C. § 1631 authorizes transfer to cure a want of jurisdiction "if it is in the interest of justice, . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."

3

Mr. Gable has since filed a series of motions contesting the Order.[3] The Court considers these as amounting to a motion for reconsideration of the June 20, 2018 Order.[4] The issue has been fully briefed and is ripe for decision.[5]

## II. LEGAL STANDARD

Although Mr. Gable appears to be seeking relief under Rule 60, *see* Mot. for Recons. at 50, its application here would be inappropriate as Rule 60 considers final judgments. *See Dellums v. Powell*, 566 F.2d 231, 234 (D.C. Cir. 1977) ("Rule 60(b) applies only to modifications of final judgments."). As the June 20, 2018 Order preserved claims six and seven, the Court relies instead on Rule 54(b) which "applies to interlocutory orders that adjudicate fewer than all the claims in a given case." *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) (citing Fed. R. Civ. P. 54(b)).

"Rule 54(b) allows a court to reconsider its interlocutory decisions 'at any time' prior to a final judgment." *Id*. When seeking reconsideration, the "moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Marshall v. Honeywell Tech. Sols, Inc.*, 598 F. Supp. 2d 57, 60 (D.D.C. 2009) (citing *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 76 (D.D.C. 2008)). Under Rule 54(b), reconsideration is warranted when a court has "'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or

---

[3] *See* Mot.- [sic] for Relief from J. on June 20th 2018 for Pls [sic] claims 1-5 (Mot. for Recons.) [Dkt. 121]; Mot. to File an Add. to the Mot. for Recons. of the of [sic] claims 1-5 (Add. 1) [Dkt. 127]; Mot. for Add. Part 2 (Add. 2) [Dkt. 128]; Mot. for Recons. and the Overturn of the Statute Date of September 16 [Dkt. 135]; Mot. to Include the New Evidence [Dkt. 136].

[4] The Court will consider all of Mr. Gable's motions as filed. To the extent that Mr. Gable has requested leave to file these motions, the Court will grant these requests.

[5] *See* Def.'s Opp'n to Pl.'s Mot. for Relief from J. [Dkt. 137].

significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Detroit Int'l Bridge Co. v. Gov't of Canada*, No. 10-476, 2014 WL 12786866, at *2 (D.D.C. Dec. 17, 2014) (quoting *Ficken v. Golden*, 696 F. Supp. 2d 21, 35 (D.D.C. 2010) (alterations in original)). Although these "[m]otions to reconsider interlocutory orders . . . are within the discretion of the trial court," *Lewis*, 290 F. Supp. 2d at 3 (quoting *United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 344-45 (D.D.C 1992)), the Court's discretion here is "'subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 224 (D.D.C. 2011) (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)). Thus, this Court only considers Mr. Gable's arguments to the extent that they expose errors in the Court's legal reasoning or allege new facts that were undiscoverable prior to the Court's decision.[6]

### III. ANALYSIS

#### A. Review of Filing Date

Mr. Gable first asks for reconsideration of the finding that he presented his claims to the VA on September 16, 2008. *See* Mot. for Recons. at 5. Mr. Gable asserts that an "umbrella" rule applies that would allow his filing date to relate back to 2005 when he filed a different claim for a shoulder injury. *See id.* at 11-12, 16. However, the FTCA does not allow Mr. Gable to "present one claim to the agency and then maintain suit on the basis of a different set of facts." *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir. 1991) (internal

---

[6] Although the form and content of Mr. Gable's motions depart from the Local Rules, particularly their length, *see* Mot. for Recons. (75 pages in length), "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Under this standard, the Court will consider the materials as filed.

quotation marks omitted). Mr. Gable's unrelated 2005 filing does not give this Court reason to reconsider. Other than his umbrella theory, Mr. Gable reasserts his previous arguments relating to tampering and fraud. *See* Add. 1 at 10-11; *see also* Pl.'s Mot. to Oppose and Dismiss the Def.'s Am. Mot. For Summ. J. on Pl.'s Claims [Dkt. 101] at 21. After careful review of the record, Mr. Gable has provided neither a factual nor a legal basis for the Court to reconsider its finding that "no rational trier of fact could conclude that Mr. Gable presented his claim in February 2008, or at any date prior to September 16, 2008." *See* Mem. Op. at 6.

### B. Review of Accrual Dates

Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "A claim not so presented and filed is 'forever barred.'" *Mittleman v. United States*, 104 F.3d 410, 413 (D.C. Cir. 1997) (citing 28 U.S.C. § 2401(b)). This means that—under normal circumstances—Mr. Gable is barred from bringing claims that accrued more than two years prior to September 16, 2008.

Mr. Gable reasserts the argument that because he was not aware of the VA's alleged negligence until after his initial injuries and surgeries, his accrual date should be delayed. *See* Add. 1 at 8-9. However, the date of accrual is based on the discovery rule, by which Mr. Gable's injuries accrued when he "discovered both his injur[ies] and [their] cause[s]." *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). Once Mr. Gable was aware of his injuries and the VA's role in causing them, he was in "possession of the critical facts that he ha[d] been hurt and who ha[d] inflicted the injury." *See id.* at 122. At that point he was "no longer at the mercy of the [government]" and the law required him to have acted with diligence to assess his

6

remedial prospects. *See id.* This principle is especially critical here because Mr. Gable has sued the sovereign United States and its waiver of sovereign immunity is strictly construed. *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

The facts of this case are viewed with these standards in mind:

> Mr. Gable's earliest-in-time claim, the allegedly negligent knee replacement, was performed in January 2006. The subsequent infections were diagnosed in February and June 2006, and Mr. Gable sought a second opinion about his leg from Dr. Attinger in July 2006, which is the last possible date that Mr. Gable could claim to have "discovered" his injury from that knee operation for the purposes of claim accrual under the discovery rule.

Mem. Op. at 7 (citing 12/29/17 R&R). As to Mr. Gable's amputation and post-surgical care:

> Mr. Gable's leg was amputated on August 23, 2006. The record indicates that by September 1, Mr. Gable was oriented as to person, place, and time. Def's Am. Statement of Undisputed Material Facts (Def.'s SOF) [Dkt. 98-2] at 57. Mr. Gable "appeared to have understood the decision to amputate" by September 5, 2006. *Id.* at 59.

Mem. Op. at 7. The Court concluded on these facts that "Mr. Gable was, or should have been, aware of the injury, *i.e.* the allegedly botched amputation, before September 16, 2006 and therefore was required to present his FTCA claims on the amputation prior to September 16, 2008." *Id.* at 8.

Mr. Gable presents no new evidence that suggests the Court should reconsider its finding that Mr. Gable discovered his injuries and the VA's role in causing them before September 16, 2006. As such, Mr. Gable has provided no basis for reconsideration of the partial grant of summary judgment.

### C. Continuing Tort Doctrine and Equitable Tolling

Contrary to Mr. Gable's arguments, initially and now, neither the continuing tort doctrine nor equitable tolling is applicable to the present matter. Mr. Gable maintains that his case warrants application of these principles, *see, e.g.*, Mot. for Recons. at 25, 44, but he does not

7

support his argument with any new fact or reasoning. As set forth in the 12/29/17 R&R and this Court's June 20, 2018 Memorandum Opinion, the continuing tort doctrine is inapplicable because Mr. Gable alleges distinct instances of tortious conduct, as opposed to a single course of action that would support application of the doctrine. *See* 12/29/17 R&R at 22-23; Mem. Op. at 8; *see also Loumiet v. United States*, 828 F.3d 935, 947-48 (D.C. Cir. 2016) (stating that the continuing tort doctrine applies to cases where "no single incident in a continuous chain of tortious activity can fairly or realistically be identified as the cause of significant harm"). Likewise, equitable tolling is not available to Mr. Gable because he has not made the requisite showing that he "pursu[ed] his rights diligently" and that some "extraordinary circumstances stood in his way," *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), particularly because neither mental incompetency nor assertions of the influence of medication are sufficient bases for equitable tolling. *See* 12/29/17 R&R at 19-21; Mem. Op. at 8-9.

## IV. CONCLUSION

For the reasons stated, Mr. Gable's motions, considered together as a Motion for Reconsideration, will be denied. A separate Order accompanies this Memorandum Opinion.

Date: September 9, 2019

ROSEMARY M. COLLYER
United States District Judge