UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD MAURICE GABLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-1634 (ABJ) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Richard M. Gable, proceeding *pro se*, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2674 *et seq.*, in 2012.[1] Plaintiff alleged that in 2006, the U.S. Department of Veterans Affairs Hospital ("VA Hospital") negligently amputated his left leg at the knee and subsequently provided substandard medical and hygienic care. The case was first assigned to this Court on October 2, 2012, Notice of Transfer [Dkt. # 1], and there are several pending dispositive motions that are ripe for adjudication. For the following reasons, it is **ORDERED** that:

- Defendant's motion for summary judgment [Dkt. # 151] is granted in part and denied in part;

- Plaintiff's "motion for an appeal based on the court's recommendation[] and motion for a venue change for the location of the appeal" [Dkt. # 166] is denied;

- Plaintiff's cross motion for summary judgment [Dkt. # 175] is denied;

- Defendant's motion for summary judgment on the claims related to bathing [Dkt. # 179] is granted; and

- Plaintiff's motion for miscellaneous relief [Dkt. # 181] is denied.

---

1   *See Gable v. United States*, 106 Fed. Cl. 294, 296 (2012).

These rulings cover all of the remaining claims and bring the case to its conclusion. The Court acknowledges that there were many troubling aspects to the care that plaintiff received many years ago, and it does not doubt that he has suffered greatly. It also understands why he would continue to be deeply frustrated by a ruling dismissing claims on the grounds that they were late. But given the posture of the case at this time and the law that governs the few issues that have yet to be decided, there is nothing left to litigate, and the case in this court has come to an end. This a final order which may be appealed.

## BACKGROUND

The facts of this case are laid out in detail in the many prior opinions in the case.[2] Plaintiff's claims arise out of complications following a total knee arthroplasty (replacement) recommended by his primary care physician, Dr. Jean Estime, in January 2006. Ex. 1 to Def.'s Am. Statement of Undisputed Material Facts [Dkt. # 98-2] ("Medical Records") at 1. Plaintiff was referred to VA Hospital, admitted on January 18, 2006, and underwent the procedure on January 19, 2006. *Id*. at 1–4. Soon after, the site of the surgery became infected with methicillin-resistant Staphylococcus aureus ("MRSA"), *id*. at 12, which required the insertion of an antibiotic-impregnated spacer in plaintiff's left leg on February 21, 2006. *Id*. at 17–20. In March, another MRSA infection was detected, *id*. at 39, but by May, the infection was no longer detectable, and a new prothesis was implanted on May 19. *Id*. at 26–30. In June, a vancomycin-resistant enterococci ("VRE") infection was detected in plaintiff's knee, *id*. at 39, and the wound remained open. Suppl. Medical Rs. [Dkt. # 101-1 at 4–45] ("Suppl. Medical Records") at 29.

---

2   *See Gable v. United States* (*Gable I*), 319 F. Supp. 3d 37 (D.D.C. 2018), adopting in full Report and Recommendation of December 29, 2017 [Dkt. # 108] ("December 2017 R&R"); Report and Recommendation of July 17, 2019 [Dkt. # 165] ("July 2019 R&R"); *Gable v. United States* (*Gable II*), No. 1:12-cv-01634, 2019 WL 4261046 (D.D.C. Sept. 9, 2019); and Report and Recommendation of February 28, 2020 [Dkt. # 188] ("February 2020 R&R").

Due to underlying mental health issues, plaintiff signed control over medical decision-making to his stepson, James Prather, in the spring of 2006. Pl.'s Mot. to Oppose Def.'s Amend. Mot. for Summ. J. [Dkt. # 101] ("Pl.'s Mot. to Oppose") at 18–19; Affirmation of James M. Prather [Dkt. # 101-1 at 46–48] ("Prather Affirm") at 46.[3] Plaintiff grew concerned about the possible need for amputation and sought a second medical opinion in July 2006 from Dr. Christopher Attinger of the Wound Healing Center at Georgetown University Medical Center. Suppl. Medical Records at 29; Prather Affirm at 46. Dr. Attinger examined plaintiff's knee and informed him that the options were to amputate above the knee or replace the spacer, follow a six-month course of antibiotics, and reassess knee replacement at a later date. Suppl. Medical Records at 26, 29. A new spacer was inserted in plaintiff's left knee at VA Hospital on August 15. Medical Records at 32–36. On August 18, Dr. Reuben Bueno, chief of plastic surgery at VA Hospital, consulted with plaintiff and discussed the risks of closing the open knee wound with a myofascial graft. *Id.* at 37–38.

That same day, Mr. Prather met with plaintiff and hospital staff to discuss plaintiff's treatment plan and indicated he would not consent in advance to any treatment more invasive than an "antibiotic sleeve" around plaintiff's knee space while he was away for two weeks on his honeymoon. Suppl. Medical Records at 28–29; Prather Affirm at 46–47. On August 21, doctors at VA Hospital noted plaintiff had developed an amount of "wet gangrene" above the spacer site that would be potentially life-threatening absent an amputation. Medical Records at 41. Witnessed by a VA hospital doctor and registered nurse, plaintiff gave consent to the amputation on August 23, and the procedure was performed. Def.'s Am. Statement of Undisputed Material Facts

---

3   Detailed facts about this agreement are not included in the record, so the Court construes the agreement as a medical power of attorney or designation of health care proxy. *See* December 2017 R&R at 3 n.5.

[Dkt. # 98-1] ("Material Facts") ¶¶ 8–9; Medical Records at 46–53.  Plaintiff notified his stepson of the amputation sometime after the surgery, and Mr. Prather complained to the head of the orthopedics units, Dr. Willie Banks, on September 5.  Prather Affirm at 46–47.  Dr. Banks reported that plaintiff "appeared to have understood the decision to amputate."  Medical Records at 59.[4]

In September 2006, plaintiff had three post-amputation surgeries at VA Hospital.  Due to a fall on September 5, plaintiff underwent surgery to re-close the wound.  Material Facts at ¶ 14.  Plaintiff required two more surgical repair procedures on September 12 and September 19, *id*. at ¶ 16, and remained in the intensive care unit until October 6.  Pl.'s Mot. for Statute of Limitations [Dkt. # 100] at 5; Pl.'s Resp. to Def.'s Reply in Supp. of Def.'s Mot. for Summ. J. [Dkt. # 106] at 14.  Plaintiff was discharged from VA Hospital on October 18, 2006.  Material Facts at ¶ 17.

Plaintiff brought this action seeking damages for the alleged injuries he suffered from the ten-month course of medical treatment and associated care.  The 2012 complaint included seven claims:

> (1) plaintiff's knee replacement was negligently performed;
>
> (2) improper hygiene led to the MRSA and VRE infections;
>
> (3) the amputation was performed without proper consent;
>
> (4) the amputation was performed unnecessarily;
>
> (5) the amputation was performed negligently;
>
> (6) the post-amputation surgical procedures were negligently performed; and
>
> (7) the non-surgical, post-operative care also fell below the standard of care; in particular, plaintiff alleges that he was not permitted to bathe during the entire ten-month period he was hospitalized for treatment.  Notice of Transfer at 12.

---

4      Plaintiff's medical records indicate that Dr. Bueno personally discussed the treatment plan with plaintiff, including "the problems leading up to the amputation" and explained the underlying surgical issues.  Medical Records at 59.

*See Gable I*, 319 F. Supp. 3d at 40–41.

Finally, it appears from the record that plaintiff had two subsequent reconstructive surgeries: the first at Georgetown University Hospital in Washington, D.C., in April 2007, Suppl. Medical Records at 4, 37–42, and the second at Clínica Santa María in San Jose, Costa Rica, on August 22, 2007. *Id*. at 7–9.

## PROCEDURAL HISTORY

On September 16, 2008, the Office of General Counsel of the Department of Veteran Affairs ("VA OGC") received a completed standard "SF-95" form and a letter from plaintiff alleging tort injuries from the knee replacement, amputation, and aftermath of the surgery. Ex. A to Notice of Filing in Supp. of Mot. for Summ. J. [Dkt. # 162-4] ("Ex. A to Rattray Decl.") at 6–8.[5] In his letter, plaintiff stated that the "chief of [p]lastic surgery" performed the two post-amputation surgeries in September 2006. *Id.* at 8. Plaintiff alleged that VA Hospital staff withheld medication and use of his wheelchair and that he was not "given a shower" for the duration of his hospitalization. *Id*. at 8. In response to the VA OGC's request for additional information, plaintiff supplemented the record by letter on March 31, 2009, re-iterating his prior claims and increasing his damages claim by a multiple of ten. Ex. B to Notice of Filing in Supp. of Mot. for Summ. J. [Dkt. # 162-5] ("Ex. B to Rattray Decl.") at 3, 5. On September 20, 2011, the VA OGC denied plaintiff's FTCA claims for insufficient evidence and informed plaintiff that his claims were time-barred under 28 U.S.C. § 2401(b). Notice of Transfer at 14–15. Section 2401(b) requires that an

---

5    Plaintiff's first five claims are time-barred, *see Gable I*, 319 F. Supp. 3d at 43; therefore, the Court limits its explanation of plaintiff's initial submission to the VA OGC to the allegations occurring between September 16, 2006, and October 18, 2006. *See* February 2020 R&R at 8. A complete recitation of the plaintiff's SF-95 claims and corresponding letter are included in the Magistrate Judge's December 2017 R&R.

FTCA action be brought to the "appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The VA OGC concluded that plaintiff's claim accrued for purposes of section 2401(b) on September 5, 2006, but he failed to take any action on his FTCA claim until September 16, 2008. Notice of Transfer at 15.

On March 29, 2012, plaintiff filed a *pro se* complaint in the United States Court of Federal Claims, *Gable*, 106 Fed. Cl. at 296, and the case was transferred on jurisdictional grounds to this Court on July 23, 2012. Notice of Transfer at 1–8. The Court held that plaintiff's first five claims, based on VA Hospital staff's conduct prior to September 16, 2006, were time-barred. *See* December 2017 R&R, adopted in full by *Gable I*, 319 F. Supp. 3d. at 43. So the only remaining issues are plaintiff's sixth and seventh claims, which relate to the negligent performance of post-amputation surgical procedures and non-surgical, post-operative care.

## ANALYSIS OF PENDING MOTIONS

### I.   Dkt. # 151: Defendant's Motion for Summary Judgment

On February 25, 2019, defendant moved for summary judgment on both claims on jurisdictional grounds and on the ground that plaintiff failed to proffer an expert on the standard of care. Def.'s Mot. for Summ. J. [Dkt. # 151] ("Def.'s Mot."). The docket reflects that plaintiff was provided with notice of his obligations under Federal Rule of Civil Procedure 56 pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), and *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), on March 3. Notice (Mar. 1, 2019) [Dkt. # 154]. Plaintiff filed his opposition to the motion for summary judgment, Pl.'s Mem. in Opp. [Dkt. # 157] ("Pl.'s Mem. in Opp."), on March 22 and a second response, Pl.'s Resp. to Def.'s Mot. [Dkt. # 164] ("Pl.'s Resp."), on May 3. The Court referred the motion to a Magistrate Judge for a Report and Recommendation, and on July 17, 2019, the Magistrate Judge recommended that the motion be granted in part and denied in part.

July 2019 R&R.  The report advised plaintiff that he had fourteen days to file any objections, *see* Fed. R. Civ. P. 72(b)(2), and on July 31, 2019, plaintiff filed what he entitled, "Plaintiff's Motion for an Appeal Based on the Court's Recommendation[] and Motion for a Venue Change for the Location of the Appeal."  [Dkt. # 166] ("Pl.'s Obj.").  Plaintiff filed a supplemental memorandum in support of his motion on October 14, 2019.  [Dkt. # 178] ("Pl.'s Supp. Mem.").

The Court will treat plaintiff's July 31 filing as a timely objection to the July 2019 R&R, as it begins, "I, Richard M. Gable[,] Pro Se Plaintiff, do not agree with the recommendation of this court . . . ."  Pl.'s Obj. at 1.[6]  The filing does not specify which aspects of the July 2019 R&R that are incorrect or why as required by the Local Civil Rules.  *See* LCvR 7(h)(1).  Instead, plaintiff appears to take issue with earlier rulings in the case.  *See* Pl.'s Obj. at 2–5.  Despite these shortcomings in plaintiff's objection,[7] the Court will consider the issue *de novo* out of an abundance of caution.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Upon consideration of the pleadings filed in connection with the motion for summary judgment, the Magistrate Judge's recommendation, and the record in this case, defendant's motion for summary judgment [Dkt. # 151] will be granted in part and denied in part, and plaintiff's objection [Dkt. # 166] will be denied.

---

6   To the extent that the July 31, 2019 filing is a motion seeking an immediate appeal of the July 2019 R&R, it will be denied.  Fed. R. Civ. P. 72 (calling for objections to first be filed with the trial court before proceeding on appeal).

7   *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) ("Courts must construe *pro se* filings liberally."); *see also Hisler v. Gallaudet Univ.*, 206 F.R.D 11, 14 (D.D.C. 2002) ("[T]he court is mindful of the policy that an added measure of leniency is extended to *pro se* litigants respecting procedural requirements.").

The Court agrees with defendant that it lacks jurisdiction to hear the claims of negligence related to the post-amputation surgeries performed by Dr. Bueno at VA Hospital in September 2016 because they were not administratively exhausted. *See* July 2019 R&R at 15–16. The FTCA requires a claimant to exhaust his administrative remedies before filing a complaint in federal court. 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 111 (1993).

Plaintiff has administratively exhausted his negligence and malpractice claims regarding other aspects of his post-amputation care, including those related to the non-surgical care of his wound, hygiene, medication, and access to a wheelchair. *See* July 2019 R&R at 13, 17. And the Court finds that the Veterans' Judicial Review Act does not deprive it of jurisdiction over the claims related to bathing, as those do not pertain to a benefits decision. *See* 38 U.S.C. § 511(a); *see Blue Water Navy Vietnam Veterans Ass'n v. McDonald*, 830 F.3d 570, 574 (D.C. Cir. 2016) ("[R]eview in the district courts is barred when 'underlying the claim is an allegation that the VA unjustifiably denied [a veteran's] benefit.'").

But the Court agrees with the Magistrate Judge's conclusion that to establish his remaining negligence and malpractice claims – with the exception of the claims related to bathing – plaintiff was required to proffer an expert on the standard of care. July 2019 R&R at 21–25. Plaintiff failed to do so. *See* Pl.'s Mem. in Opp.; Pl.'s Resp.; Pl.'s Obj; *see also* July 2019 R&R at 22 n.13 ("[A]fter an order scheduling discovery was entered in July 2018[], Plaintiff filed a motion to 'cancel' discovery and asserted that he did not need and would not engage in discovery."). Therefore, judgment will be entered in favor of the defendant on all claims other than plaintiff's claim that the VA Hospital negligently denied him the opportunity to bathe.

## II. Dkt. # 175: Plaintiff's Cross Motion for Summary Judgment

After defendant filed its motion for summary judgment, plaintiff filed a motion "to dismiss summary judgment . . . [and] to allow summary judgment for the plaintiff's claims 1–5" on September 26, 2019. Pl.'s Mot. to Dismiss [Dkt. # 175] ("Pl.'s Cross Mot.") (capitalizations omitted). The Court will treat this motion as a cross motion for summary judgment.[8] Plaintiff sought summary judgment in his favor on the first five claims in his complaint, Pl.'s Cross Mot. at 2, the same claims that were previously dismissed as time-barred. *See Gable II*, 2019 WL 4261046, at *2 (noting that plaintiff was continuing to file motions challenging earlier decisions). In his Report and Recommendation with respect to this motion, the Magistrate Judge observed that plaintiff had presented "no new factual or legal arguments" and "add[ed] nothing to the analysis already advanced repeatedly in those opinions." Report and Recommendation of October 2, 2019 [Dkt. # 176] ("October 2019 R&R") at 3. Plaintiff did not object to this Report recommending that his motion be denied, and for the reasons laid out in the October 2019 R&R, the court will adopt the recommendation and deny plaintiff's cross motion for summary judgment.

## III. Dkt. # 179: Defendant's Renewed Motion for Summary Judgment

After the Magistrate Judge issued the July 2019 R&R with respect to defendant's first motion for summary judgment, defendant sought leave to file an additional motion for summary judgment on the remaining claim related to bathing and hygiene, *see* Def.'s Mot. for Leave to File Summ. J. Mot. [Dkt. # 172] ("Def.'s Mot. for Leave"), and the request was granted. *See* Order (Sept. 24, 2019) [Dkt. # 174]. Defendant filed the renewed motion in October 2019, Def.'s Mot. for Summ. J. [Dkt. # 179] ("Def.'s Renewed Mot."), and the court issued the appropriate *Fox/Neal*

---

8   *See Gable I*, 319 F. Supp. 3d at 39 n.1 (construing plaintiff's miscellaneous motion in opposition to a motion for summary judgment as a cross motion).

notice to the plaintiff. Notice (Oct. 29, 2019) [Dkt. # 180]. In his opposition, Pl.'s Mem. in Opp. [Dkt. # 182] ("Pl.'s Renewed Opp."), plaintiff did not comply with Federal Rule of Civil Procedure 56 or the Local Rules, and he failed to address the factual representations in defendant's motion. *See* Fed. R. Civ. P. 56(a); LCvR 72.3(b). Instead, plaintiff again used the briefing opportunity to take issue with the Court's prior rulings concerning the statute of limitations. Pl.'s Renewed Opp. at 1, 10, 13, 15. Under D.C. Circuit precedent, though, a court cannot simply grant a motion for summary judgment as conceded, and so the court will assess it on the merits. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508–09 (D.C. Cir. 2016).

The Magistrate Judge recommended granting defendant's motion for summary judgment, *see* February 2020 R&R, and plaintiff filed a timely objection on March 12. Pl.'s Obj. to the R. & R. [Dkt. # 189] ("Pl.'s Obj. to February 2020 R&R"). On April 27, defendant responded to plaintiff's objections to the February 2020 R&R. [Dkt. # 192] ("Def.'s Resp."). As the motion for summary judgment is dispositive, this Court will decide *de novo* whether there is any genuine factual dispute that would preclude issuing judgment on plaintiff's sole remaining claim.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable of affecting the outcome of the litigation.  *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).  In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).  In the absence of contrary assertions made in affidavits, declarations, or documentary evidence submitted by the nonmoving party, factual assertions made in the moving party's affidavits or declarations may be accepted as true.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

As the Magistrate Judge recounted, defendant has adduced evidence showing the regularity and frequency with which plaintiff was bathed, which refutes plaintiff's claim.  *See* February 2020 R&R at 7.  Medical records from VA Hospital between January 23, 2006, and September 27, 2006, show plaintiff was regularly bathed in bed.  *See* Ex. 2 to Def.'s Renewed Mot. [Dkt. ## 179-5, 179-6] ("Def.'s Suppl. Medical Records").  There are two multi-day periods for which there no bathing information has been provided, *see* Def.'s Suppl. Medical Records [Dkt. # 179-6] at 38–40, but the evidence submitted by the defendant is enough to require plaintiff to come forward with some evidence to show that there is a genuine dispute for the jury with respect to his claim that he "was never given a shower while . . . hospitalized," Ex. A to Rattray Decl. at 8, and "denied a bath and shower for 10 months and 19 days."  Pl.'s Obj. to February 2020 R&R at 2–3.

Plaintiff has not come forward with any evidence that would give rise to a genuine dispute of material fact with respect to the bathing issue, and summary judgment can be granted on that basis. Moreover, as the Magistrate Judge explained, plaintiff has not come forward with any evidence showing a breach of duty within the relevant time period; that is after September 16, 2006. *See* February 2020 R&R at 7.

Plaintiff's objections to the Magistrate Judge's February 2020 R&R are not responsive to the Report.[9] Plaintiff also insists that he has been denied due process in connection with the motion for summary judgment, Pl.'s Obj. to February 2020 R&R at 1, but there is no question he was issued the appropriate *Fox/Neal* order informing him of exactly what Rule 56 and the Local Rules require if a *pro se* party wishes to oppose a motion for summary judgment. *See* Notice (Oct. 29, 2019) [Dkt. # 180]. Plaintiff submits that it would be a denial of due process to shut down a case at this stage of litigation, Pl.'s Obj. to February 2020 R&R at 18–19, but the motion and R&R are entirely consistent with the Federal Rules of Civil Procedure, and plaintiff has been afforded eight years of process in federal court and numerous chances to substantiate the claims arising after September 16, 2006.[10] Plaintiff also proceeds to re-argue a number of earlier rulings

---

9    In fact, plaintiff appears to question the veracity of his own evidence. Under a heading "THE FRAUDULENT DOCUMENTS ARE THE FOLLOWING:", plaintiff includes a document he previously proffered in support for his claim: "DR. SIERRA 60 PAGE EXPERT MEDICAL RECORDS-PROVING THE PLAINTIFF'S CLAIM . . . DR. ESTIME INVESTIGATION REPORT PROVING I NEVER HAD ANY GANGRENE." Pl.'s Obj. to February 2020 R&R at 3.

10    Plaintiff himself notes the sheer volume of motions presented before the court: "I motioned this court too many times to count as I have over 172 court motions and answers to the court on file[,] and I have a hard copy of each one." Pl.'s Mot. for Miscellaneous Relief [Dkt. # 181] at 22 (capitalizations omitted).

12

on the statute of limitations which are not at issue here.  *See generally* Pl.'s Obj. to February 2020 R&R.

For these reasons, and for the reasoning set forth in the February 2020 R&R, defendant's motion for summary judgment [Dkt. # 179] on count seven is granted.

### IV.    Dkt. # 181: Plaintiff's Motion for Miscellaneous Relief

Plaintiff filed an additional motion in the form of a letter addressed to the Court on November 13, 2019.  Pl's Mot. for Miscellaneous Relief [Dkt. # 181] ("Pl.'s Mot. for Relief").[11]  Since the motion addresses the dismissal of his first five claims, *Gable I*, 319 F. Supp. 3d at 43, the Court will treat the motion as a motion seeking review of that determination.

The Federal Rules provide two avenues for revisiting a judgment: a motion to alter or amend a judgment pursuant to Rule 59(e) and a motion for relief from a final judgment pursuant to Rule 60(b).  Fed. Rs. Civ. P. 59, 60.  But a motion under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and here, plaintiff filed his motion 511 days after the Court issued its ruling disposing of all claims that arose prior to September 16, 2006 as time-barred.  *Gable I*, 319 F. Supp. 3d at 43.  Thus, plaintiff's motion was filed too late to be considered under Rule 59.[12]

---

11    The documents submitted in connection with this motion include defendant's memorandum in opposition to plaintiff's motion for miscellaneous relief, [Dkt. # 186], and plaintiff's reply to defendant's memorandum in opposition to plaintiff's motion for miscellaneous relief. [Dkt. # 187].

12    "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001), citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998).  Specifically, "'[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004), quoting *Firestone v. Firestone*,

Under these circumstances, the Court will treat plaintiff's motion as a request for relief from a final judgment or order pursuant to Rule 60(b).  *See Hall v. CIA*, 437 F.3d 94, 98 (D.C. Cir. 2006) (affirming the district court's treatment of the plaintiff's untimely Rule 59(e) motion for reconsideration as a Rule 60(b) motion), citing *Comput. Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.").

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

76 F.3d 1205, 1208 (D.C. Cir. 1996).  The Court does not find any such circumstances in the instant case.

Furthermore, "Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008), quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995); *see also Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) ("In this Circuit, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.") (internal quotation marks and citations omitted).

Fed. R. Civ. P. 60(b).  "[A] district court enjoys significant discretion in deciding whether to grant or deny a Rule 60(b) motion . . . ." *Comput. Prof'ls*, 72 F.3d at 903.

Plaintiff's 31-page motion is largely unintelligible and does not supply any of the grounds for relief under Rule 60(b).  To the extent that plaintiff intended to argue there has been mistake or excusable neglect under Rule 60(b)(1), Pl.'s Mot. for Relief at 11, fraud or misconduct by the opposing party under (b)(3), *id*. at 2–28, or another reason that justifies relief under (b)(6), *id*. at 5 (alleging "bias prevented [plaintiff] from ever having a fair trial"), 22, he is simply re-arguing matters that have previously been decided.  A Rule 60(b) motion is "is not a 'vehicle for presenting theories or arguments that could have been raised previously,'" *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013), quoting *Fund for Animals v. Williams*, 311 F. Supp. 2d 1, 5 (D.D.C. 2004), and such a motion "must establish more than simply the [moving party's] continued belief that the court's decision was erroneous" to succeed.  *State of N.Y. v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995).  Plaintiff failed to satisfy that burden here.

Because plaintiff has not satisfied the requirements of the Federal Rules that would permit the Court to revisit its final judgment in this matter, plaintiff's motion for miscellaneous relief [Dkt. # 181] will be denied.

## CONCLUSION

Based upon its own review of the motions for summary judgment and oppositions thereto, the Reports and Recommendations of the Magistrate Judge, and the record in the case, it is **ORDERED** that:

- Defendant's motion for summary judgment [Dkt. # 151] is granted in part and denied in part;

- Plaintiff's "motion for an appeal based on the court's recommendation[] and motion for a venue change for the location of the appeal" [Dkt. # 166] is denied;

- Plaintiff's cross motion for summary judgment [Dkt. # 175] is denied;

- Defendant's motion for summary judgment on the claims related to bathing [Dkt. # 179] is granted; and

- Plaintiff's motion for miscellaneous relief [Dkt. # 181] is denied.

This is a final appealable Order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: November 2, 2020